**Mark Andrew KRIEGER, Plaintiff,**

v.

**C/O RUSSELL, et al., Defendants.**

**Civ. No. 08–212–SLR.**

United States District Court,
D. Delaware.

June 11, 2010.

Mark Andrew Krieger, Newark, DE. Pro Se Plaintiff.

Kevin R. Slattery, Esquire. Deputy Attorney General, Delaware Department of Justice, Wilmington, DE. Counsel for Defendants.

## MEMORANDUM OPINION

SUE L. ROBINSON, District Judge.

## I. INTRODUCTION

Plaintiff Mark Andrew Krieger ("plaintiff"), who proceeds pro se and has been granted leave to proceed in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983. Presently before the court is defendant Sgt. Hazzard's ("defendant") motion to dismiss for insufficiency of process. (D.I. 19) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the court will deny defendant's motion to dismiss.

## II. BACKGROUND

At the time he filed his complaint, plaintiff was an incarcerated individual within the Delaware Department of Correction ("DOC"). He has since been released. The complaint was filed on April 14, 2008, and screened by the court on June 25, 2008. (D.I. 2, 6) The June 25, 2008 order allowed plaintiff to proceed against certain defendants and required

him to submit copies of the complaint and USM–285 forms for service upon defendants. The United States Marshal Service ("USMS") attempted to serve defendant, but the DOC advised that he was on "military leave until 2010," and the return of service was returned unexecuted. (D.I. 12) Plaintiff was incarcerated at the time of the attempted service. On January 5, 2010, he advised the court of his release from prison.

## III. DISCUSSION

Defendant moves for dismissal pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure on the grounds that he has not been served within 120 days after the filing of the complaint as is required by Fed.R.Civ.P. 4. (D.I. 19, 20) Plaintiff opposes the motion on the grounds that: (1) he complied with the court's service order; (2) while incarcerated, the whereabouts of defendant were considered confidential and all his inquiries went unanswered; (3) his original attempt at service was within the 120 day time-frame; and (5) he has shown good cause for the delay. Plaintiff asks that the motion be denied and that he be given additional time to serve defendant. (D.I. 23) Hazzard replies that plaintiff has not established good cause for his failure to timely serve because he "made no efforts to obtain information to attempt service on overseas military personnel" and all deadlines have passed.

Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice." Fed.R.Civ.P. 4(m). The rule goes on the state that "[u]pon a showing of good cause for the failure to serve, the court must extend the time for service; [and] the court can, at its discretion, extend the time for service even if plaintiff has not shown good cause for the delay." *Daniels v. Correctional Med. Services,* 380 F.Supp.2d 379, 384 (D.Del.2005) (citing Fed.R.Civ.P. 4(m)); *MCI Telecomm. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1098 (3d Cir.1995).

As defendant is aware, plaintiff proceeds in forma pauperis and, therefore, must rely upon the court to issue a service order and

the USMS to effect proper service of the summons and complaint. *See* 28 U.S.C. § 1915(d) (stating that where a plaintiff is proceeding in forma pauperis, "the officers of the court shall issue and serve all process, and perform all duties in such cases"). Defendant's position that plaintiff should have made inquiry regarding overseas service of military personnel is disingenuous given the fact that the USMS is responsible for service and the DOC has a policy of not providing inmates with the addresses of prison personnel. It appears that defense counsel has also failed to consider the effect of the Servicemembers Civil Relief Act which provides "for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 App. U.S.C. § 502 (2003). In light of the foregoing, the court finds that plaintiff has demonstrated good cause for his failure to serve defendant.

Accordingly, dismissal for failure to timely serve is not proper. Therefore, the court will deny defendant's motion to dismiss pursuant to Fed.R.Civ.P. 4(m).

## IV. CONCLUSION

For the above reasons, the court will deny defendant's motion to dismiss. Plaintiff will be given additional time to serve defendant. Once defendant is served, the court will enter a new scheduling order. Plaintiff is admonished that service copies of his filings shall be served upon counsel for defendants and not defendants personally.

An appropriate order will issue.

## ORDER

At Wilmington this 11th day of June, 2010, for the reasons set forth in the memorandum opinion issued this date;

IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss is **denied.** (D.I. 19)

2. Plaintiff is granted an additional **sixty** (60) days to serve Sgt. Hazzard.

IT IS FURTHER ORDERED that:

1. Pursuant to Fed.R.Civ.P. 4(c)(3) and (d)(1), plaintiff shall complete and return to the Clerk of Court an **original** "U.S. Marshal–285" form for defendant Sgt. Hazzard, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to Del.Code Ann. tit. 10 § 3103(c). **Additionally, plaintiff shall provide the court with one copy of the complaint for service upon Sgt. Hazzard. Furthermore, plaintiff is notified that the United States Marshal Service ("USMS") will not serve the complaint until both "U.S. Marshal 285" forms have been received by the Clerk of Court. Failure to provide the "U.S. Marshal 285" forms for defendant and the attorney general within sixty (60) days of this order may result in the complaint being dismissed or defendant being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

2. Upon receipt of the form(s) required by paragraph 1 above, the USMS shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon defendant so identified in each 285 form.

3. A defendant to whom copies of the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form have been sent, pursuant to Fed.R.Civ.P. 4(d)(1), has thirty days from the date of mailing to return the executed waiver form. Such a defendant then has sixty days from the date of mailing to file its response to the complaint, pursuant to Fed.R.Civ.P. 4(d)(3). A defendant residing outside this jurisdiction has an additional thirty days to return the waiver form and to respond to the complaint.

4. A defendant who does not timely file the waiver form shall be personally served and shall bear the costs related to such service, absent good cause shown, pursuant to Fed.R.Civ.P. 4(d)(2). **A separate service order will issue in the event a defendant does not timely waive service of process.**